**Eliot S. SASH, Plaintiff–Appellant,**

v.

**Jeffrey T. SCHWARTZ, Esq.,
Defendant–Appellee.**

**No. 07–1249–pr.**

United States Court of Appeals,
Second Circuit.

Dec. 16, 2009.

Eliot S. Sash, pro se, Bloomfield, N.J., for Appellant.

Jeffrey T. Schwartz, The Law Office of Jeffrey T. Schwartz, New York, N.Y., for Appellee.

PRESENT: ROBERT A. KATZMANN, DEBRA ANN LIVINGSTON, Circuit Judges, LOUIS L. STANTON,* District Judge.

### *SUMMARY ORDER*

Plaintiff–Appellant Eliot Sash, *pro se,* appeals from the judgment of the United States District Court for the Southern District of New York (Chin, *J.*), granting summary judgment to Appellee. We assume the parties' familiarity with the facts and procedural history.

As Appellant's brief does not raise the issue of whether he established diversity jurisdiction, that argument is waived on appeal. *See LoSacco v. City of Middletown,* 71 F.3d 88, 92–93 (2d Cir.1995) (holding that, where a litigant, including one proceeding *pro se,* raises an issue before the district court but does not raise it on appeal, it is abandoned).

In any case, the district court properly granted summary judgment to Appellee. We review orders granting summary judgment *de novo* and focus on whether the

---

* Louis L. Stanton, Senior Judge of the United States District Court for the Southern District of New York, sitting by designation.

district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 300 (2d Cir.2003). Under New York law, in order to state a cause of action for legal malpractice arising from negligent representation in a criminal proceeding, the plaintiff "must allege his innocence or a colorable claim of innocence of the underlying offense ... for so long as the determination of his guilt of that offense remains undisturbed, no cause of action will lie." *Carmel v. Lunney,* 70 N.Y.2d 169, 173, 518 N.Y.S.2d 605, 511 N.E.2d 1126 (N.Y.1987). New York law also demands that, in order to "open the door for even a colorable claim of innocence, criminal defendants must free themselves of the conviction, for the conviction precludes those potential plaintiffs from asserting innocence in a civil suit." *Britt v. Legal Aid Soc., Inc.,* 95 N.Y.2d 443, 447, 718 N.Y.S.2d 264, 741 N.E.2d 109 (N.Y. 2000). Appellant failed to establish that his conviction following a guilty plea was overturned.

We have reviewed Appellant's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is AFFIRMED.